FILED

2014 FEB 26  AM 11:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1  MICHAEL P. SOUSA, SBN 229416
2  LAW OFFICES OF MICHAEL P. SOUSA, APC
   3232 Governor Dr., Suite A
3  San Diego, CA 92122
   T: (858) 453-6122, ext.15
4  F: (858) 453-2155
5
6  MATTHEW G. ENGLISH, SBN 204869
   LAW OFFICES OF MATTHEW G. ENGLISH
   941 Orange Ave #344
7  Coronado, CA 92118
   T: (619) 944-8568
8
9  Attorney for Plaintiff, VANESSA RUGGLES,
   on behalf of herself and all others similarly situated.
10

11              UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13            EDCV14-00363 BRO (FFMx)

14  VANESSA RUGGLES, on behalf of herself and  )   CASE NO.
15  all others similarly situated,            )
                                              )   **COMPLAINT FOR:**
16                                            )
                                              )   1)  **Complaint for Damages and**
17                                            )       **Injunctive Relief Pursuant to**
                                              )       **Negligent Violations of the Telephone**
18              Plaintiffs,                   )       **Consumer Protection Act, 47 U.S.C. §**
                                              )       **227 et seq.**
19                                            )
                                              )
20       v.                                   )   2)  **Complaint for Damages and**
                                              )       **Injunctive Relief Pursuant to**
21                                            )       **Intentional Violations of the**
                                              )       **Telephone Consumer Protection Act,**
22                                            )       **47 U.S.C. § 227 et seq.**
                                              )
23  NATIONSTAR MORTGAGE, LLC                  )
                                              )
24                                            )   **DEMAND FOR JURY TRIAL**
              Defendants.                     )
25                                            )
                                              )
26                                            )
                                              )
27                                            )
                                              )
28                                            )
                                              )

– 1 –

**INTRODUCTION**

1.     Vanessa Ruggles ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Nationstar Mortgage, LLC ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action again Defendant occurred within the State of California and the County of Riverside, within this judicial district.

**PARTIES**

4.     Plaintiff is, and all times mentioned herein, was a citizen and resident of the State of California.  Plaintiff is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).  Plaintiff is an account holder of a cellular telephone number and, pursuant to the terms of her contract, is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

5.     Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at

– 2 –

COMPLAINT

all times mentioned here was, a limited liability company organized in the State of Delaware, and who does business in the State of California, including in Riverside County.  Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).  Defendant is a mortgage lender, providing home loans to customers throughout the United States.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Riverside, and within this judicial district.

## FACTUAL ALLEGATIONS

6.    At all times relevant herein, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7.    Defendant is, and at all times mentioned herein, was a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

8.    At all times relevant herein, Defendant conducted business in the State of California and in the County of Riverside, within this judicial district.

9.    Plaintiff has had a cellular telephone since at least 2001.  Plaintiff has had the same cellular telephone number for at least ten years.  Plaintiff's current carrier is Sprint.

10.    In or about early November 2013, Plaintiff began receiving unsolicited telephone calls from NATIONSTAR MORTGAGE, LLC.  Sometimes Plaintiff did not answer these calls, and other times she answered the phone.  On calls that Plaintiff answered, there was a period of silence before a live person spoke, by which Plaintiff was able to discern that a machine dialed the number and then waited for her to answer before bringing a representative on the line.

11.    Initially, NATIONSTAR would ask for Plaintiff by her name, Vanessa Ruggles. On other calls, NATIONSTAR would ask to speak with Randall Fisher, a person whom Plaintiff does not know.

12.    When Plaintiff answered the phone, she repeatedly told NATIONSTAR not to call her again.  Despite these repeated pleas, NATIONSTAR continued to call Plaintiff a total of approximately twenty-three  times between November 2013 and December 4, 2013.

13.    These calls became an ordeal for Plaintiff, causing her annoyance and distress. The calls disrupted her at work and at home, and sometimes occurred several times in the same

– 3 –

day. The calls from Defendant intruded upon Plaintiff's solitude and privacy and interfered with her workday.

14.     Plaintiff is not a customer of NATIONSTAR. Plaintiff never provided her cellular phone number to NATIONSTAR. Plaintiff does not have any business relationship with NATIONSTAR, and never has.

15.     These unsolicited calls placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

16.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(iii).

17.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

18.     Plaintiffs did not provide Defendant or its agents prior express consent to receive unsolicited telephone calls, pursuant to 47 U.S.C. § 227(b)(1)(B).

19.     These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

21.     The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons within the United States, who, four years prior to the date of filing of this complaint, received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide express consent for such calls.

22.     Collectively, these persons will be referred to as "Class Members." Plaintiff seeks to represent, and is a member of, the Putative Class. Excluded from the Class are Defendants and any entities in which NATIONSTAR or its subsidiaries have a controlling interest, Defendant's agents and employees, the judicial officers to whom this action is assigned

– 4 –

and any member of the court staff and immediate family, and claims for personal injury, wrongful death, and emotional distress.

23.    Plaintiffs do not know the exact number of members in the Class, but based upon NATIONSTAR'S representations as to its market share in the United States, Plaintiffs reasonably believe that Class members number at a minimum in the thousands.  This Class includes consumers with whom NATIONSTAR had no prior relationship, and NATIONSTAR customers who requested NATIONSTAR stop contacting them.

24.    There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including whether, within the four years prior to the filing of this Complaint:

> (a)    Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, or any service for which the called party is charged for the call, in violation of the TCPA.

> b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

> c) Whether Defendant should be enjoined from engaging in such conduct in the future.

25.    Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26.    Plaintiff will fairly and adequately protect the interests of the Class, and have retained attorneys experienced in complex and class litigation.

– 5 –

COMPLAINT

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons:

      (a)     It is economically impractical for members of the Class to prosecute individual actions;

      (b)     The class is readily definable; and

      (c)     Prosecution as a class action will eliminate the possibility of repetitious litigations.

28.     A class action will cause an orderly and expeditious administration of the claims of the Class.  Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.  Plaintiff does not anticipate any undue difficulty in management of this action.

## FIRST CLAIM FOR RELIEF
### Negligent Violations of the TCPA
### 47 U.S.C. § 227 ET SEQ.

29.     Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

30.     The foregoing act and omissions of NATIONSTAR constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227(b)(3)(B).

31.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by NATIONSTAR in the future.

## SECOND CLAIM FOR RELIEF
### Knowing and Willful Violations of the TCPA
### 47 U.S.C. § 227 ET SEQ.

33.     Plaintiff realleges and incorporates by reference the above paragraphs as though fully set forth herein.

– 6 –

COMPLAINT

34.     The foregoing acts and omissions of NATIONSTAR constitute numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227(b)(3).

35.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by NATIONSTAR in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant NATIONSTAR MORTGAGE, LLC:

1.  An injunction against the calling of cellular telephones by NATIONSTAR'S calls centers, except where the cellular telephone subscriber has provided prior express consent to the calls;

2.  Damages pursuant to 47 U.S.C. § 227 (b)(3);

3.  Costs of litigation and reasonable attorneys' fees and costs;

4.  Such other and further relief as the court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


LAW OFFICES OF MICHAEL P. SOUSA, APC


DATED:  February 18, 2014          By: _____
                                        MICHAEL P. SOUSA
                                        Attorney for Plaintiff
                                        VANESSA RUGGLES, on behalf of herself and
                                        all others similarly situated

– 7 –

COMPLAINT