Abraham J. Colman (SBN 146933)
Email:    acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
Email:    fyu@reedsmith.com
Raymond Y. Kim (SBN 251210)
Email:    rkim@reedsmith.com
Jack J. Gindi (SBN 293739)
Email:    jgindi@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Nationstar Mortgage, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA RUGGLES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant. | Case No.: 5:14-cv-00363-BRO-FFM<br><br>**CLASS ACTION**<br><br>**DEFENDANT NATIONSTAR MORTGAGE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: February 26, 2014 |

Defendant Nationstar Mortgage, LLC ("Nationstar"), for itself and for no other party, hereby answers Vanessa Ruggle's ("Plaintiff") Complaint (the "Complaint"), responding to the correspondingly numbered paragraphs thereof, as follows:

## INTRODUCTION

1. Answering Paragraph 2 of the Complaint, Nationstar denies violating any provisions of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 *et seq*. or any other statutory or common law in any manner, and denies that this action is appropriate for class treatment. Nationstar also denies that Plaintiff and the purported class she seeks to represent are entitled to any damages, remedies, or recovery from Nationstar.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no response is required. In addition, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

5. Answering Paragraph 5 of the Complaint, Nationstar admits that Nationstar Mortgage, LLC is a limited liability company organized and existing under the laws of the State of Delaware. Nationstar also admits that it is a mortgage lender and servicer and does business throughout the United States and in the State of California.

## FACTUAL ALLEGATIONS

6. Answering Paragraph 6 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

7. Answering Paragraph 7 of the Complaint, Nationstar admits that Nationstar Mortgage, LLC is a limited liability company. The remaining allegations of this Paragraph consist of legal conclusions to which no response is required.

8. Answering Paragraph 8 of the Complaint, Nationstar admits that it conducts business throughout the State of California and within this judicial district.

9. Answering Paragraph 9 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

10. Answering Paragraph 10 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

11. Answering Paragraph 11 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

12. Answering Paragraph 12 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

13. Answering Paragraph 13 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

14. Answering Paragraph 14 of the Complaint, Nationstar admits that Vanessa Ruggles does not have a mortgage serviced by Nationstar. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

15. Answering Paragraph 15 of the Complaint, Nationstar denies that it made telephone calls using an "automatic telephone dialing system" as defined by the TCPA.

16. Answering Paragraph 16 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

17. Answering Paragraph 17 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

18. Answering Paragraph 18 of the Complaint, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

19. Answering Paragraph 19 of the Complaint, Nationstar denies these allegations.

## CLASS ACTION ALLEGATIONS

20. Answering Paragraph 20 of the Complaint, Nationstar admits that Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated. Nationstar denies that Plaintiff and the purported class she seeks to represent are entitled to any damages, remedies, or recovery from Nationstar.

21. Answering Paragraph 21 of the Complaint, Nationstar denies that Plaintiff is a proper class representative, denies that the proposed class definition is proper, and denies that this action is appropriate for class treatment.

22. Answering Paragraph 22 of the Complaint, Nationstar denies that Plaintiff is a proper class representative, denies that the proposed class definition is proper, denies that class members are ascertainable or identifiable, and denies that this action is appropriate for class treatment.

23. Answering Paragraph 23 of the Complaint, Nationstar denies these allegations, denies that Plaintiff is a proper class representative, denies that the

1  proposed class definition is proper, and denies that this action is appropriate for class
2  treatment.

3     24. Answering Paragraph 24(a)-(c) of the Complaint, Nationstar denies that
4  there are questions of law and fact common to Plaintiff and the putative class
5  members, denies that the proposed class definition is proper, and denies that this
6  action is appropriate for class treatment.

7     25. Answering Paragraph 25 of the Complaint, Nationstar denies these
8  allegations, denies that Plaintiff is a proper class representative, denies Plaintiff's
9  claims are typical of the class, denies that the proposed class definition is proper, and
10 denies that this action is appropriate for class treatment.

11     26. Answering Paragraph 26 of the Complaint, Nationstar denies that
12 Plaintiff is a proper class representative, denies that Plaintiff has adequate
13 representation, and denies that this action is appropriate for class treatment.

14     27. Answering Paragraph 27(a)-(c) of the Complaint, Nationstar denies that a
15 class action is a superior method for a fair and efficient adjudication of this
16 controversy, denies that the class is ascertainable, denies that putative class members
17 cannot prosecute individual actions, and denies that this action is appropriate for class
18 treatment.

19     28. Answering Paragraph 28 of the Complaint, Nationstar denies that a class
20 action is an efficient, orderly, or superior method for a fair and efficient adjudication
21 of this controversy, denies that the class is ascertainable, denies that putative class
22 members cannot prosecute individual actions, and denies that this action is appropriate
23 for class treatment.

## FIRST CLAIM FOR RELIEF
### Negligent Violations of the TCPA,
### 47 U.S.C. § 227 ET SEQ.

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

29. Answering Paragraph 29 of the Complaint, Nationstar incorporates by reference its responses to Paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30. Answering Paragraph 30 of the Complaint, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner.

31. Answering Paragraph 31 of the Complaint, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar also denies that Plaintiff and the purported class she seeks to represent are entitled to any damages, injunctive relief, remedies, or recovery from Nationstar.

32. Answering Paragraph 32 of the Complaint, Nationstar admits Plaintiff seeks injunctive relief under the TCPA. Nationstar denies that Plaintiff and the purported class she seeks to represent are entitled to any damages, injunctive relief, remedies, or recovery from Nationstar.

## SECOND CLAIM FOR RELIEF

### Knowing and Willful Violations of the TCPA

### 47 U.S.C. § 227 ET SEQ.

33. Answering Paragraph 33 of the Complaint, Nationstar incorporates by reference its responses to Paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Answering Paragraph 34 of the Complaint, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner.

35. Answering Paragraph 35 of the Complaint, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar also denies that Plaintiff and the purported class she seeks to represent are entitled to any damages, injunctive relief, remedies, or recovery from Nationstar.

36. Answering Paragraph 36 of the Complaint, Nationstar admits Plaintiff seeks injunctive relief under the TCPA. Nationstar denies that Plaintiff and the

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

purported class she seeks to represent are entitled to any damages, injunctive relief, remedies, or recovery from Nationstar.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Prior Express Consent)

1.  Plaintiff and others alleged to be members of the purported class gave Nationstar prior express consent for the telephone calls at issue in this action. 47 U.S.C. § 227(b)(1)(A).

### SECOND AFFIRMATIVE DEFENSE

(Unintended Recipient and/or Common Authority)

2.  Plaintiff and others alleged to be members of the purported class were the unintended recipients of any calls made by Nationstar, and/or Plaintiff and the members of the putative class had common authority over the phone number that was called.

### THIRD AFFIRMATIVE DEFENSE

(Non-Telemarketing Calls)

3.  All calls made by Nationstar were not for telemarketing purposes.

### FOURTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

4.  Plaintiff's claims and the claims of others alleged to be members of the purported class are barred by the primary jurisdiction doctrine because the FCC is presently considering specific issues that are central to resolution of this case, including but not limited to, the definition of an "automatic telephone dialing system" as that term is defined by the TCPA, whether the TCPA applies to non-telemarketing calls, the meaning of the term "called party" as that term is used in the TCPA, and whether and in what manner consent can be revoked.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

5. The Complaint fails to state a claim upon which relief can be granted against Nationstar.

## SIXTH AFFIRMATIVE DEFENSE

(Standing)

6. Plaintiff and others alleged to be members of the purported class lack standing to bring or maintain the claims asserted in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

7. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because they have failed to mitigate their alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(Ratification)

8. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because Plaintiff and others alleged to be members of the purported class consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

## NINTH AFFIRMATIVE DEFENSE

(Justification)

9. Nationstar's conduct was privileged and/or justified.

## TENTH AFFIRMATIVE DEFENSE

(No Injunctive or Equitable Relief)

10. The Complaint fails to allege facts sufficient for injunctive or equitable relief against Nationstar.

## ELEVENTH AFFIRMATIVE DEFENSE

(Class Treatment Inappropriate)

11. To the extent Plaintiff seeks to bring this Complaint on behalf of a class, this action cannot be maintained as a class action because, inter alia, Plaintiff does not

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure

## TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

12. Plaintiff and others alleged to be members of the purported class have waived any and all claims, rights, and demands made by them in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Release)

13. Plaintiff and others alleged to be members of the purported class have released any and all claims, rights, and demands made by them in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

14. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part by the applicable statute of limitations, including but not limited to 28 U.S.C. § 1658 and California Civil Procedure Code § 340.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Existing Business Relationship)

15. Plaintiff and others alleged to be members of the purported class have an existing business relationship with Nationstar.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Bona Fide Error/Innocent Mistake)

16. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because any alleged acts or omissions of Nationstar giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Nationstar to avoid any such acts or omissions. Nationstar at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

(Compliance with the Law)

17. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith/Conformance with Applicable Standards)

18. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because Nationstar at all times complied in good faith with all applicable statutes and regulations.

### NINETEENTH AFFIRMATIVE DEFENSE

(No Malice)

19. Nationstar specifically denies that it acted with any knowledge, willfulness, oppression, fraud, or malice towards Plaintiff or others.

### TWENTIETH AFFIRMATIVE DEFENSE

(Contribution)

20. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Fault of Plaintiff and/or Others)

21. If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Nationstar.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Causation)

22. If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Nationstar.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Several Liability)

23. Should Plaintiff prevail against Nationstar, Nationstar's liability is several and limited to their own actionable segment of fault, if any.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Automatic Telephone Dialing System)

24. Nationstar did not use an "automatic telephone dialing system" as defined by the TCPA to make the calls alleged in the Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Charge for Calls)

25. Plaintiff and others alleged to be members of the purported class were not "charged" for the alleged telephone calls.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Right to Compel Arbitration)

26. Nationstar reserves its right to compel arbitration of this matter, pursuant to the relevant agreement with Plaintiff and others alleged to be members of the purported class.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Complaint Moot)

27. The Complaint and/or each cause of action therein, is barred by the doctrine of mootness.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Damages)

28. Plaintiff and others alleged to be members of the purported class did not

incur any damages, injury, or loss as a result of any act or conduct by Nationstar.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Offset)

29. Nationstar is entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat the recovery thereunder by Plaintiff and others alleged to be members of the purported class.

## THIRTIETH AFFIRMATIVE DEFENSE

(Lack of Intent)

30. Nationstar specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiff or others alleged to be members of the purported class.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Uncertainty)

31. The claims of Plaintiff and others alleged to be members of the purported class are uncertain, ambiguous, and unintelligible.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim for Attorneys' Fees)

32. The Complaint and each purported claim for relief therein fails to state facts sufficient to entitle Plaintiff and others alleged to be members of the purported class to an award of attorneys' fees.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Not a "Called Party")

33. Plaintiff and others alleged to be members of the purported class do not qualify as a "called party," within the meaning of the TCPA.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Preservation of Jurisdictional Specific Defenses)

34. Nationstar expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice

of law rules.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Plead Phone Number)

35. Plaintiff fails to identify the cellular telephone number at issue in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Other Defenses)

36. Nationstar specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Nationstar prays for judgment as follows:

1. That Plaintiff and the members of the putative class take nothing by reason of the Complaint;

2. For its costs of suit herein;

3. For attorney's fees according to proof; and

4. For such other and further relief as this Court may deem just and proper.

DATED: April 21, 2014

REED SMITH LLP

By: */s/ Raymond Y. Kim*
Abraham J. Colman
Felicia Y. Yu
Raymond Y. Kim
Jack J. Gindi
Attorneys for Defendant
Nationstar Mortgage, LLC